LEOCADIA NEGRÓN, ETC., Plaintiff and Appellant, *v.* GENARO ROSADO, Defendant and Appellee.

No. 11072. Argued March 5, 1954.—Decided March 30, 1954.

*Buenaventura Esteves* for appellant. *José Luis Méndez* for appellee.

MR. JUSTICE ORTIZ delivered the opinion of the Court.

On January 2, 1952 Leocadia Negrón, assisted by her husband Juan José Valentín, filed in the former District Court, Aguadilla Section, a petition for injunction seeking to recover possession of certain real property and alleging that defendant Genaro Rosado trespassed on her property in the year prior to the filing of the petition, destroyed a fence and erected another barbed-wire fence in another place within plaintiff's property, as a result of which plaintiff was dispossessed of a parcel of one and one-half cuerdas. Before filing the petition for possessory injunction, the same spouses, plaintiffs herein, had filed a complaint in the former Municipal Court of San Sebastián under the provisions of Act No. 238 of May 8, 1950 (Sess. Laws, p. 606), praying for a provisional demarcation of the properties of the parties in dispute. On January 14, 1952, after the petition for possessory injunction was filed, the Municipal Court of San Sebastián rendered judgment authorizing defendant to maintain a wire fence in the very place where it was alleged in the petition for possessory injunction that defendant had constructed his fence. Subsequently, that is, on May 13, 1953, the Aguadilla Part of the Superior Court rendered, at the request of the defendant in the possessory injunction suit, a summary judgment dismissing the petition for injunction on the ground that the judgment rendered by the former Municipal Court of San Sebastián barred and defeated the petition for possessory injunction, in view of the decision in *Rojas* v. *District Court*, 72 P.R.R. 487 and in view of the fact that the judgment of the San Sebastián Court created a provisional legal status which could be set aside only in an appropriate ordinary

proceeding, possessory injunction not being such an ordinary proceeding.

Plaintiff appealed to this Court challenging the summary judgment on the ground that the judgment rendered by the San Sebastián Court, in the light of the provisions of Act No. 238 of 1950, does not bar the petition for possessory injunction, and that the *Rojas* case does not apply here. We agree. It is necessary to copy at length Act No. 238 of 1950, which provides in its pertinent part as follows:

### "STATEMENT OF MOTIVES

"Controversies over the boundaries of and the right of ways through private property, arouse strong feelings which are a constant source of offenses against the person and therefore increase considerably the incidence of criminality in Puerto Rico. The procedure provided by law to adjudicate the rights in such cases, although efficient in their final scope, are rather complicated and slow, and do not have the effect of quieting during the process of litigation the strong feelings aroused. A simple and summary procedure is necessary that may determine a provisional legal status establishing the relations and rights of the parts while the cases are prosecuted through the ordinary process of law. The procedure must be simple and summary, rather a prophylactic measure addressed at preserving the peace and prevent acts of violence pending an award of the action on its merits.

*"Be it enacted by the Legislature of Puerto Rico:*

"Section 1.—The magistrate to whom this Act refers is the justice of the peace in those municipalities where there is no municipal judge, and the municipal judge, in those municipalities having them.

"Section 2.—The magistrate shall hear in chamber any person complaining of difficulties with other person or persons, as a result of a misunderstanding or a controversy over the boundaries of or the right of ways through private property. If from the verbal complaint it should appear that there exists a legal problem to be solved, the court shall order the subpoenaing of the parties involved to appear before him within a term of not to exceed five (5) days. The fact of issuing the subpoena shall be equivalent to the filing of the complaint, and the same shall be recorded in a book ad hoc by the magistrate.

Failure of a person, duly subpoenaed according to this Act, to appear in court, shall be punishable as a contempt of the court presided over by the magistrate who issued the subpoena. The owner of the property or the person acting as manager or person in charge thereof may be subpoenaed.

"Section 3.—On the date of the hearing, the magistrate shall hear the parties orally, and, if they present witnesses or other evidence, he shall fix the date for the continuation of the hearing, and during such continuation, he shall hear the witnesses presented and receive the evidence submitted. During such hearings the interested parties may appear by counsel, and shall have the right to cross examine the witnesses declaring against them.

"Section 4.—It shall be the duty of the magistrate, in the course of the hearing, to try to bring the parties to agreement so that the controversy may be satisfactorily settled. Were this not possible, and if as a result of the hearing the magistrate is satisfied that there exists, under the law, a controversy between the parties, requiring judicial adjudication, he shall enter a resolution determining which of the parties is probably right. In line with this resolution, the magistrate shall determine a provisional legal status which shall be binding on the parties while the controversy is prosecuted according to due process of law. The resolution may be to authorize or deny the right of way through a particular property, and to determine the place to pass, or to direct the provisional determination of boundaries. The resolution shall be given by word of mouth, but within the period of five (5) days it shall be recorded in writing. The written resolution shall also contain a synopsis of the allegations of each party, the history of the proceedings had, the grounds tending to establish the evidence submitted by each party, the conclusions of the magistrate to the effect that one of the parties is probably right, expressing the grounds for and the determination of the provisional legal status, stating the acts he authorizes or prohibits or the rights he provisionally recognizes. In rendering his resolution by word of mouth, the magistrate shall explain to the parties the scope of the same and shall inform them of the offense they will be committing and the penalty they would incur should they violate the judicial order. The magistrate shall also inform the person or persons against whom the resolution is made, of their right to take the case to a competent court, in the ordinary course of proceedings. The resolu-

tion shall be binding on and after the date it is given by word of mouth, but shall be served on the interested parties, or their counsel, within ten (10) days after it is given by word of mouth. The resolution shall be recorded in the book ad hoc for the recording of complaints, under this Act.

"Section 5.—Any person willfully violating any of the terms of a resolution determining a provisional legal status under this Act, shall be guilty of a misdemeanor and shall be punished by imprisonment in jail for a minimum term of thirty (30) days or a maximum term of six (6) months, or by a fine of not less than fifty (50) nor more than five hundred (500) dollars, or by both penalties, in the discretion of the court.

"Section 6.—Any order made under this Act determining a provisional legal status, shall be unappealable, but shall not constitute res adjudicata with regard to any of the points adjudicated therein."

 Act No. 238 purported to establish an exceptionally summary proceeding which would result in the immediate fixing of strictly provisional boundaries, to meet any possible emergency, addressed to "preserving the peace and prevent acts of violence pending an award of the action on its merits." The creation of a provisional legal status by the judgment which may be entered, does not defeat the right of the parties to assert their rights in the ordinary course of the law. We do not believe it was the intent of the Legislature in enacting Act No. 238 to render ineffective the remedies, actions and proceedings which were available to persons or to potential litigants at the time of enacting that law. Among the available remedies and actions for recovering or conserving the possession of real property was injunction. Act No. 238 did not defeat the availability of such an action. The Act in question provides that the judgment which may be rendered in the summary proceeding created thereunder merely determines a provisional legal status, which shall not constitute res judicata, and does not bar the parties from rendering ineffective such provisional status in a judicial proceeding in the ordinary course of the law. Irrespective of whether the possessory injunction is, generally, an "ordinary" proceed-

ing, it has not been shown that, within the meaning, terms and purposes of Act No. 238, such an action of possessory injunction has been excluded thereunder, or that it was the legislative intent to exclude possessory injunction as one of the proceedings in the ordinary course of law to which resort may be had for the purpose of setting aside the "provisional legal status" created by a judgment under Act No. 238. Such a judgment therefore does not bar possessory injunction.

It is a well-known rule that an injunction seeking to recover possession of real property may allege only the possession as a question of fact, a defendant being precluded from invoking his alleged rights to the property, much less to raise as defense a "provisional legal status." Viewing the question from another angle, the desire to prevent immediate acts of violence which moved the lawmaker to enact Act No. 238, should not operate to render ineffective the traditional relief of possessory injunction.

The case of *Rojas v. District Court, supra,* is not applicable here. In the *Rojas* case judgment ruling that possessory injunction was not the appropriate remedy was rendered long before the action under the authority of Act No. 238 was brought, and that judgment had become final and unappealable and was binding upon the parties. It was there held that one of the parties could not, within the original injunction suit, pray for an order to set aside a judgment entered under the provisions of Act No. 238. It was not held that Act No. 238 barred a proceeding for possessory injunction, but that the final and unappealable judgment rendered in the former injunction suit was the law of the case between the parties, that is, that injunction was not the appropriate remedy to determine the rights of the parties. The injunction proceeding was inappropriate, not under Act No. 238, but in view of the fact that it had been so established after judgment rendered in an appropriate injunction proceeding which was final and unappealable.

The Aguadilla Court therefore erred in rendering summary judgment dismissing the petition on the ground that the judgment rendered in the proceeding instituted under Act No. 238, barred possessory injunction.

The judgment appealed from will be reversed and the case remanded to the Aguadilla Part of the Superior Court for further proceedings not inconsistent with this opinion.